IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RONALD MUTH, :
    Plaintiff :
     :
    vs.                          CIVIL NO. 1:CV-10-1487
     :
STATE FARM FIRE AND :
CASUALTY COMPANY,
    Defendant :

*M E M O R A N D U M*

I. *Introduction*

    Plaintiff, Ronald Muth, filed this suit in the Court of Common Pleas of Dauphin County, Pennsylvania. Invoking our diversity jurisdiction, Defendant, State Farm Fire and Casualty Company, removed it here. Plaintiff's complaint alleges two causes of action: (1) a breach-of-contract claim in Count I for State Farm's alleged failure to pay a loss under a homeowner's policy; and (2) a claim in Count II for bad-faith denial of coverage.

    State Farm has filed a motion to dismiss Count II pursuant to Fed. R. Civ. P. 12(b)(6), contending that it fails to state a claim because it consists solely of "boilerplate allegations of bad faith and unsubstantiated conclusions of law." (Doc. 5, Br. in Supp. at p. 6). We agree and will dismiss Count II.

II. *Standard of Review*

    Under Fed. R. Civ. P. 12(b)(6), we must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to

relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008)). While a complaint need only contain "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and detailed factual allegations are not required, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570, 127 S.Ct. 1955 at 1974, 167 L.Ed.2d 929. Hence "'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Fowler*, *supra*, 578 F.3d at 210 (quoting *Ashcroft v. Iqbal*, __ U.S. __, __, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009)).[1]

III.    *Background*

Plaintiff alleges the following. He purchased a fire and casualty insurance policy from State Farm to insure a residential property he owned. (Doc. 1-1, Compl. ¶ 3). Thereafter, on June 10, 2009, a fire damaged the property. (*Id.* ¶ 5). A State Farm claims adjuster then sent Plaintiff a letter admitting coverage and stating a partial payment was enclosed with the letter. (*Id.* ¶ 10 and Ex. B). However, Plaintiff has not been paid. (*Id.* ¶ 11).

Count I makes the breach-of-contract claim. Count II makes the bad faith claim as follows. State Farm's "refusal to pay the claim constitute[s] bad faith in that the Defendant has no evidence to support any denial of the payment of the claim . . . ." (*Id.* ¶ 15). Additionally, State Farm "lacked a reasonable basis for denying" the claim, and "either intentionally or recklessly disregarded the reasonable basis for the claim . . . ." (*Id.* ¶¶ 27 and 28). Further, State Farm failed: "to conduct a reasonable and fair investigation

---

[1] Although this action was originally filed in state court, under Fed. R. Civ. P. 81(c)(1), we apply federal pleading rules.

2

of the claim"; "to pay the claim within a reasonable period of time"; "to attempt to come to a fair and reasonable settlement of the claim when liability is clear"; "to promptly provide a reasonable explanation for denial of the claim"; and "to specifically detail evidence of reason to deny [the] claim." (*Id.* ¶ 23(a)-(f)).

IV. *Discussion*

Plaintiff's bad faith claim is authorized by 42 Pa. Cons. St. § 8371.[2] To prevail on a bad faith claim, a plaintiff must satisfy a two-prong test. First, the plaintiff must show that the insurance company "'did not have a reasonable basis for denying benefits under the policy.'" *Greene v. United Services Auto. Ass'n*, 936 A.2d 1178, 1189 (Pa. Super. 2007)(quoted case omitted). Second, the plaintiff must show that the company "'knew or recklessly disregarded its lack of a reasonable basis in denying the claim.'" *Id.* (quoted case omitted).

It is apparent, as State Farm argues, that the complaint fails to allege sufficient facts to state a valid bad faith claim. All of the allegations are merely conclusory statements.[3] Additionally, paragraphs 27 and 28 are simply a threadbare recital of the elements of the cause of action. We will therefore dismiss Count II.

---

[2] Section 8371 provides:

In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:
(1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.
(2) Award punitive damages against the insurer.
(3) Assess court costs and attorney fees against the insurer.

[3] At most, paragraph 15 might be sufficient support for the first element, but that still leaves the second element unsupported.

3

Plaintiff argues that he should "ha[ve] the right to allege and attempt to prove after discovery that bad faith has occurred" when an insurance company has not paid a covered loss for over a year. (Doc. 6, Opp'n Br. at p. 4). We reject this position. In federal court, discovery is not permitted as a way for a plaintiff to see if he has a cause of action. *See Ranke v. Sanofi-Synthelabo Inc.*, 436 F.3d 197, 204 (3d Cir. 2006). Moreover, this is the type of claim where a plaintiff should know some facts that would support it.

We will issue an appropriate order.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: September 22, 2010

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RONALD MUTH, :
    Plaintiff :
:
vs.                                   CIVIL NO. 1:CV-10-1487
:
STATE FARM FIRE AND :
CASUALTY COMPANY,
    Defendant :

*O R D E R*

AND NOW, this 22nd day of September, 2010, it is ordered that:

   1. Defendant, State Farm Fire and Casualty Company's, motion (doc. 3) to dismiss Count II is granted.

   2. Count II, the bad faith claim, is hereby dismissed.


                                  /s/William W. Caldwell
                                  William W. Caldwell
                                  United States District Judge